UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ADMINTERMARE,
                           Plaintiff,

            -v-

KAMCA TRADING S.A., *et al.*,
                           Defendants.

20-CV-1223 (JPO)

OPINION AND ORDER

---

J. PAUL OETKEN, District Judge:

ADMIntermare brought this maritime action against Kamca Trading S.A. ("Kamca") and Glencore Ltd. ("Glencore"), alleging that Kamca supplied ADMIntermare with defective fuel, in breach of a contract between the two parties. Both Kamca and Glencore subsequently moved to dismiss the case under Federal Rule of Civil Procedure 12(b)(6), and the Court granted both motions in an opinion and order dated March 22, 2022. (Dkt. No. 90.) Now before the Court is Kamca's motion for attorney's fees, which ADMIntermare opposes. For the reasons that follow, Kamca's motion is denied.

**I.   Discussion**[1]

Prior to its filing of this post-judgment motion, Kamca did not file any pleading stating its intention to seek attorney's fees in this action. Even so, Kamca asserts that Federal Rule of Civil Procedure 54 permits the Court to enter an order awarding attorney's fee to Kamca. In support of this contention, Kamca cites decisions from this Court purportedly "awarded a prevailing party attorney's fees and expenses pursuant to Fed. R. Civ. P. 54(c) and 54(d)(2) in circumstances where a contract between the parties permitted their recovery" after a judgment

---

[1] The Court presumes familiarity with the facts and procedural history of this case as set forth in its March 22, 2022 Opinion and Order. (*See* Dkt. No. 90 at 1–3.)

1

had been issued. (Dkt. No. 93 at 4.) Kamca contends that it would be appropriate for the Court to do the same here, asserting that the following clause in its contract with ADMIntermare entitles Kamca to attorney's fees:

> Buyer shall, in connection with any action by Seller to recover from Buyer and/or the Vessel any amount of the Price or other amount owed to Seller, *and/or any action by Seller to enforce this Contract*, pay to Seller all of Seller's actual attorneys (including para-professional) fees, costs, and expenses.

(Dkt. No. 65 ¶ 27.9) (emphasis added).

The Court concludes that Kamca's contract with ADMIntermare does not entitle Kamca to attorney's fees. Contractual attorney's fees provisions "must be strictly construed." *Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 199 (2d Cir. 2003). Under New York law, "the court should not infer a party's intention to provide counsel fees as damages for a breach of contract unless the intention to do so is unmistakably clear from the language of the contract." *Id.* (internal quotation marks omitted). The contractual provision that Kamca relies on refers to the "Buyer" — ADMIntermare — paying attorneys' fees to the "Seller" — Kamca — in "any action *by Seller* to enforce this Contract." (Dkt. No. 65 ¶ 27.9) (emphasis added). Yet this action to enforce the contract was brought by ADMIntermare, not Kamca, and therefore Kamca is not entitled to attorney's fees. The Court therefore denies Kamca's motion for attorney's fees.

**II.    Conclusion**

For the foregoing reasons, Kamca's motion for attorneys' fees is DENIED.

The Clerk of Court is directed to close the motion at Docket Number 92.

SO ORDERED.

Dated: June 2, 2022
       New York, New York

                                                          _____
                                                                        J. PAUL OETKEN
                                                                 United States District Judge